**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:18-cv-70-FDW**
**(5:03-cr-20-FDW-DSC-1)**

| | | |
|---|---|---|
| **ANTONIO TORRES GARCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1), that he has filed through counsel. The Court

ordered Petitioner to file a response demonstrating why the § 2255 Motion to Vacate is timely and

cautioned him that failure to do so would probably result in dismissal with prejudice. (Doc. No.

2). Petitioner filed a Response addressing limitations. (Doc. No. 3).

**I.      BACKGROUND**

A jury found Petitioner guilty in the underlying criminal case to conspiracy to possess with

intent to distribute a Schedule II controlled substance. (5:03-cr-20, Doc. No. 290). He failed to

appear for his trial, which was separately charged in case number 5:08-cr-07, and to which he pled

guilty. On April 14, 2015, the Court entered its judgment sentencing Petitioner to 330 months'

imprisonment for the drug offense and 30 months' imprisonment for failure to appear, running

consecutively. (5:03-cr-20, Doc. No. 351). Defense counsel stated at the sentencing hearing that

he would be filing a notice of appeal on Petitioner's behalf. (5:03-cr-20, Doc. No. 381 at 72).

However, no appeal was filed.

Petitioner filed the instant § 2255 Motion to Vacate through counsel on April 23, 2018. He argues that he should be granted a belated appeal because counsel told him he would file an appeal on his behalf but failed to do so. Petitioner alleges that he sent several letters after sentencing, to which he received no response, and he never saw counsel again after sentencing. Petitioner admits that the instant § 2255 Motion to Vacate was filed outside of the applicable one-year statute of limitations. However, he argues that the Court is not barred from granting relief because the re-entry of a judgment is a judicial, rather than a statutory, remedy. In his Response addressing limitations, Petitioner reiterates his arguments and asserts that the Court should not address limitations without first ordering the Government to respond, which would provide it with the opportunity to waive the statute of limitations defense.

## II.   STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 560 U.S 631, 649 (2010); Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Petitioner's conviction and sentence became final on April 28, 2015, when the time for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 Fed. Appx. 294, 295-96 (4th Cir. 2011). He had one year from that date, until April 28, 2016, to timely file a § 2255 Motion to Vacate. Petitioner filed the instant § 2255 Motion to Vacate nearly two years late on April 23, 2018. Therefore, it is untimely pursuant to § 2255(f)(1).

Petitioner appears to argue that counsel's ineffective assistance justifies equitable tolling of the one-year statute of limitations. He alleges that he wanted to appeal his case, relied on counsel to file a notice of appeal on his behalf, unsuccessfully attempted to communicate with counsel after sentencing, and did not find out until after the appellate deadline had expired that counsel failed to file a notice of appeal. (Doc. No. 1-2 at 1-2).

These allegations are insufficient to support the application of equitable tolling. Petitioner fails to allege when his efforts to contact counsel occurred, what efforts he took to determine whether an appeal had been filed, on what date he discovered that counsel never filed a notice of appeal, or how counsel's actions prevented him from timely filing a § 2255 petition. He has thus failed to carry his burden of demonstrating either that he exercised due diligence, or that an extraordinary circumstance beyond garden-variety negligence prevented him from timely filing a § 2255 petition. See generally Holland, 560 U.S. at 651 (noting that a "garden variety" claim of excusable neglect such as attorney miscalculation that leads to a lawyer missing a filing deadline does not warrant equitable tolling); see, e.g., Tucker v. Perry, 2016 WL 901662 (E.D.N.C. March 9, 2016) (dismissing § 2254 habeas petition on initial review because petitioner failed to provide any facts to explain how his counsel's failure to file a notice of appeal prevented him from complying with the one-year statute of limitations for his § 2254 petition). The Court declines to apply equitable tolling under these circumstances. Petitioner does not allege that any other exception to the one-year statute of limitations applies and none is apparent from the record.

Petitioner's suggestion that the Court must order the Government to respond before dismissing this action as time-barred, is rejected. The Rules Governing § 2255 Proceedings instruct that:

> … If it plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to relief, the judge

must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Courts.

The text of the rule not only permits a district court to dismiss *sua sponte* an action in which it plainly appears that the petitioner is entitled to no relief, but directs it to do so even in the absence of a responsive pleading from the Government. See Hill, 277 F.3d at 705 (in the context of § 2254's Rule 4, which is substantially similar to § 2255's Rule 4, holding that "when a federal habeas court, in its discretion, raises an affirmative defense before the state has even entered a responsive pleading …, it acts consistently with Rule 4.").

The instant § 2255 Motion to Vacate will therefore be dismissed with prejudice as time-barred.

IV.     CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice.

2.      **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 20, 2018

Frank D. Whitney
Chief United States District Judge